UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OFFICIAL COMMITTEE OF ADMINISTRATIVE CLAIMANTS, on behalf of LTV Steel Company, Inc.,

CASE NO. 11-mc-50422

HON. MARIANNE O. BATTANI

v.

WILLIAM JEFFREY BRICKER, in his capacity as the Independent Executor, of the estate of WILLIAM H. BRICKER, et al.,

        Defendants.

_____/

### ORDER GRANTING MOTION OF JAMES BONSALL FOR PROTECTIVE ORDER REGARDING SUBPOENAS FOR DEPOSITION

Now before the Court is James Bonsall's request for a protective order (Doc. No. 1). In his request for a protective order, Bonsall asked that his deposition be limited to seven hours pursuant to FED. R. CIV. P. 30(d)(1), and that the time be split equally between Plaintiff and Defendants. The Court has reviewed all of the filings, and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(e)(2). For the reasons that follow, the motion is **DENIED.**

Plaintiff, the Official Committee of Administrative Claimants of LTV Steel Company (the "ACC") filed this action against certain former officers and directors of LTV Steel, alleging they breached their fiduciary duties during LTV Steel's bankruptcy. On March 18, 2011, the ACC issued a subpoena for the deposition of Bonsall, who served as the Chief Restructuring Officer during the relevant time frame. Defendants subsequently issued a subpoena to Bonsall for the same date requested by Plaintiff.

In his response to the motion, Defendant Thomas L. Garrett, Jr. consented to the split proposed by Bonsall; however, he did not concede that 3.5 hours for deposition would be enough. According to Plaintiff, it needs seven hours to depose Bonsall.

Rule 30(d)(1) instructs the court to allow additional time. . .if needed to fairly examine the deponent. . . ." FED. R. CIV. P. 30(d)(1). Moreover, the 2000 Amendment to subdivision (d) contemplates an extension in a multi-party case. Given the complexity of this litigation and Bonsall's role in the events being challenged by Plaintiff, the Court finds that Plaintiff's request for seven hours, exclusive of breaks, in which to depose Bonsall is a reasonable amount of time. The Court likewise finds that 3.5 hours, exclusive of breaks, is a reasonable amount of time for Defendants to depose Bonsall. Finally, although the rule incorporates a single day limitation, if alternative arrangements would better suit Bonsall and the parties, they may agree to them.

Accordingly, Bonsall's motion is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff may depose Bonsall for a period of time not to exceed seven hours, exclusive of breaks, and Defendants may depose Bonsall for a period of three and one-half hours, exclusive of breaks.

**IT IS SO ORDERED.**

s/Marriane O. Battani  
MARIANNE O. BATTANI  
UNITED STATES DISTRICT JUDGE

Date: May 4, 2011

2

## CERTIFICATE OF SERVICE

    Copies of this Order were mailed and/or electronically filed to counsel of record on this date.

s/Bernadette M. Thebolt
Case Manager
